[No. 5044.]
[No. 2608 C. A.]

The Farmers' Alliance Mutual Fire Insurance Company of Colorado v. Vallie.

**1.   Fire Insurance—Negligence—Subrogation.**

Where property covered by fire insurance was destroyed by fire resulting from the negligence of a railroad company and the policy contained no express covenant requiring the insured to assign to the insurance company any claim he might have against any one whose negligence should cause loss the right of the insurance company to be subrogated to the rights of the insured in his claim against the railroad company would not accrue until the insurance company had made full payment of its obligation to the insured.

**2.   Same.**

Where property part only of which was covered by fire insurance was destroyed by fire through the negligence of a railroad company and the insurance policy contained no covenant requiring the insured to assign to the insurer any claim he might have against any one whose negligence might cause loss, the insured may settle with and release the railroad company as to damage not covered by insurance without affecting his remedy against the insurer, but if he recover from the railroad company for the whole loss he cannot afterwards sue the insurer.

*Error to the District Court of Park County:*
*Hon. M. S. Bailey, Judge.*

Mr. John F. Mail, for plaintiff in error.

Mr. C. A. Wilkin, for defendant in error.

Mr. Justice Maxwell delivered the opinion of the court.

This is an action upon a fire insurance policy for loss by fire.

From the complaint it appears that the defendant in error (plaintiff below) was the owner of certain hay in stacks on the premises described; August 20, 1898, plaintiff in error, in consideration of premiums paid and to be paid, issued to defendant in error its policy of insurance against loss by fire on sundry buildings, grain and hay in stacks and in barn on the described premises, $1,000 of such indemnity sum covering and applying to grain and hay in stacks and barn; October 31, 1898, 107¼ tons of hay in stacks was wholly destroyed by fire, whereby loss was sustained by defendant in error in the sum of $703.50.

All conditions as to proof of loss imposed by the policy were complied with.

Demand for payment of the loss was refused by plaintiff in error.

Plaintiff in error admitted in its answer that it issued the policy of insurance mentioned in the complaint upon the terms and upon the property stated in the complaint; that a fire on or about the date mentioned destroyed some part or all of the insured and other property of plaintiff, occasioning a loss to him in an amount unknown; that such loss had not been paid.

A second defense admits liability for the loss, but only as to the hay covered by the insurance policy; avers that the fire which destroyed the hay occurred through the negligent operation of locomotive engines by certain railroad companies or the receiver thereof; that such railway companies or the receiver thereof were liable for such damage for the full value of all the hay destroyed; that within thirty days following the fire the plaintiff agreed with the defendant that in consideration of the pri-

mary liability for the loss of the insured hay being with the railroad companies or the receiver and the secondary liability being with the defendant insurance company he (plaintiff) would allow the defendant to recoup its loss from the railway companies or receiver, and that he (plaintiff) would not collect any money or damages on account of the loss from the railway companies or receiver, and in no event would he settle or release his cause of action against the railway companies or the receiver; that thereupon defendant stated to plaintiff that it would pay whatever plaintiff proved the loss to be, not exceeding the amount of the insurance thereon, but that prior to such payment plaintiff would allow defendant a reasonable time to collect from the railway companies or receiver, and in consideration of the premises plaintiff agreed with the defendant company that it should have a reasonable time to make such collection before paying the plaintiff the loss under his policy; that neither of said companies or the receiver would make settlement with the defendant, and soon thereafter defendant gained knowledge that plaintiff had settled with the railway companies or the receiver for all of his loss on the hay insured and other property, and that the plaintiff executed and delivered to the railway companies a certain written instrument in the nature of a receipt material parts of which are as follows:

"U. Vallie, the claimant herein, hereby acknowledges payment of the sum of three hundred fifty dollars ($350), acknowledging that said sum is paid in full accord and satisfaction of any, every and all claims of every class or character against Frank Trumbull, receiver of The Denver, Leadville & Gunnison Railway Company, or against The Colorado & Southern Railway Company, or either of them:

"By reason of the destruction by fire of one hundred thirty-two (132) tons of hay, three hundred (300) acres of pasture land, fences and other property, all of which occurred during the month of October, 1898, and which hay was destroyed on or about October 31, 1898, between mileposts 81 and 84, on section 19, township 8, range 75 west, in Park county, Colorado. * * *

"It being distinctly understood in this compromise that the claimant has, for the purpose of compromise, deducted from his claim a substantial portion of insurance on said hay, which said insurance was carried with The Farmers' Alliance Mutual Fire Insurance Company of Colorado; the difference between the amount paid by the receiver and the said railway companies for said hay being collectible from the said The Farmers' Alliance Mutual Fire Insurance Company of Colorado, by the said U. Vallie, claimant herein."

The answer further avers that the cause of action referred to in the receipt is the liability of said companies and receiver for said insured and other hay destroyed; that by reason of the premises and the execution and delivery of said written instrument the plaintiff, in violation of his said express agreement with the defendant and on the equitable right of subrogation of the defendant, absolutely settled, compounded and released the said cause of action, and took the same from this defendant, and prevented the defendant from recovering the amount of the loss from the said railway companies or said receiver, to the direct damage and injury of defendant in the sum now claimed by plaintiff in his complaint; that the plaintiff thereby appropriated the fund available and belonging in equity to the defendant for recoupment and paid himself the insurance due on account of said hay out of this

defendant's said fund, and the said insurance policy, as far as the said loss of said hay is concerned, is now fully paid and discharged.

To this answer a reply was filed which in substance denied all of the material allegations of the answer and further averred that while it was true that the cause of action with reference to the fire loss in the receipt mentioned is the liability of the companies or the receiver for said insured hay and other hay destroyed, it is not true that said cause of action and liability was the only cause of action and liability in said writing referred to and in said settlement included, the fact being that the cause of action and liability for pasturage and fences burned was also included in said receipt, and that the amount paid and receipted for no more than fully paid said other cause, and that the release of said fire loss cause of action was without consideration.

A trial to the court resulted in a judgment in favor of defendant in error for the amount claimed, to wit, $703.50.

The abstract of the record presented by counsel for plaintiff in error contains the pleadings, the findings and judgment of the court below and what purports to be the testimony of plaintiff and the secretary of the insurance company to the effect that the plaintiff had notice that the insurance company desired to collect from the receiver of the railroad companies, and that the settlement made by plaintiff with the receiver of the railroad companies was against the protest of the secretary of the insurance company.

We are wholly unadvised by the abstract of record as to what the evidence at the trial disclosed other than as above stated.

. The errors assigned are, that the court erred in finding the issues and in rendering judgment for plaintiff.

The position of counsel for plaintiff in error (as set forth in his printed brief) seems to be that the fire having been caused by the railroad companies, the insurance company had an equitable right, upon payment of the loss, to be subrogated to all the rights of Vallie; that when he settled with the railroad companies there was no right either in law or equity to which the insurance company could be subrogated, and that Vallie, by taking payment from and releasing the railroad companies, took away the highly important right of the insurance company, and that he cannot have two payments for the same loss, and hence has no cause of action against the insurance company.

The answer of the insurance company admitted that the loss had not been paid to Vallie by the insurance company.

All of the authorities are to the effect that the right of subrogation will not be enforced until the creditor or other person to whose place subrogation is claimed has been fully satisfied.

The rule applicable to this case is as follows:

The right of subrogation does not accrue until full payment of the liability which gives rise to such right on the part of the insurance company claiming to be subrogated. Where there is no express covenant contained in the policy requiring the insured to assign to the company any claims he may have against any one whose negligence or fault may have caused the loss no subrogation can be demanded until the company has paid the loss, and the insured may settle with and release the negligent party as to damage other than that insured without affecting his remedy against the insurer. If, however, the in-

sured recovers from the negligent person for the whole loss he cannot afterward sue the insurer.— May on Insurance, § 454; *Fire Insurance Co. v. Fidelity Co.*, 123 Pa. St. 516, 523; *Railroad Co. v. Pullman Car Co.*, 139 U. S. 79.

It appears from the receipt set forth in the answer to plaintiff in error and the replication that other property than the insured hay was destroyed by the fire, and that the receiver of the railroad companies settled with defendant in error for the loss of the other property and a portion of the insured hay.

There is no evidence presented by the abstract of record to indicate that defendant in error recovered from the railway companies or the receiver the whole loss sustained by him by reason of the fire.

Counsel for plaintiff in error not having called our attention to any error by the abstract of record prepared and filed by him, to which we confine our investigation, under the authorities above cited the judgment must be affirmed.     *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.